# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: November 21, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| SUSAN COOK, | * | |
| | * | |
| | * | |
| Petitioner, | * | No. 19-274V |
| | * | |
| v. | * | Special Master Young |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * | | |

*Anne Carrion Toale*, Mctlaw, Sarasota, FL, for Petitioner
*Mark Kim Hellie*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 1, 2025, Susan Cook ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$211,340.22**. Pet'r's Motion for Interim Attorneys' Fees & Costs ("Pet'r's Mot.") at 3, ECF No. 84.[2] This amount consists of $131,723.70 in fees and $79,616.52 in costs. *Id.* at 1. Petitioner has not incurred any personal costs related to the prosecution of her petition. *Id.* On April 15, 2025, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 85. In his response, Respondent stated that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs to Petitioner's counsel.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Although this is intended to be a Motion for Interim Attorney's Fees and Costs, Petitioner filed this as a Motion for Attorney's Fees and Costs within the CM/ECF System. *See* Pet'r's Mot.

## I.        Procedural History

On February 21, 2019, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] Pet., ECF No. 1. Petitioner filed medical records on February 22, 2019, and continued to file medical records throughout the course of litigation. *See* ECF Nos. 5–6, 12–13, 15–18, 21, 25–27, 32–33, 52, 54–55, 58, 61, 64, 67, 72.

Respondent filed his Rule 4(c) Report, arguing against compensation, on April 27, 2020. Resp't's Report, ECF No. 31. Petitioner filed an expert report from S. Sohail Ahmed, M.D., as well as his curriculum vitae ("CV") and supporting medical literature on November 24, 2020. Pet'r's Exs. 40–46, ECF No. 35. Petitioner filed additional medical literature on March 16, 2021. Pet'r's Exs. 47–67, ECF Nos. 37–39.

Respondent filed expert reports from You-Wen He, M.D., Ph.D., and Carlos Daniel Rose, M.D., as well as their CVs and supporting medical literature on April 2, 2021. Resp't's Ex. A, Tabs 1–13, Resp't's Ex. B, Resp't's Ex. C, Tabs 1–12, Resp't's Ex. D, ECF No. 41. Petitioner filed medical literature on April 29, 2021, and a responsive expert report and additional medical literature on May 20, 2021. Pet'r's Exs. 43, 45, ECF No. 44; Pet'r's Exs. 68–71, ECF No. 48. Respondent filed supplemental reports from Dr. He and Dr. Rose on July 12, 2021. Resp't's Ex. E, Tabs 1–4, Resp't's Ex. F, ECF No. 50.

On August 18, 2022, I held a Rule 5 conference between the parties, and subsequently ordered Petitioner to file an amended petition, medical records, and expert report clarifying her diagnosis. *See* Min. Entry, docketed Aug. 18, 2022; Order, ECF No. 63. Petitioner filed her amended petition on October 25, 2022, and her supplemental report from Steven B. Bradfute, Ph.D., as well as his CV and medical literature, on December 30, 2022. Am. Pet., ECF No. 66; Pet'r's Exs. 86–95, ECF No. 69. Respondent filed a supplemental expert report on March 22, 2023. Resp't's Ex. G, ECF No. 75.[4] Petitioner filed another supplemental report and supporting medical literature on November 20, 2023, and Respondent filed a responsive report and supporting medical literature on March 25, 2024. Pet'r's Exs. 104–07, ECF No. 73; Resp't's Ex. H, Tabs 1–12. Petitioner filed another supplemental report and supporting medical literature on June 27, 2024. Pet'r's Exs. 108–15, ECF No. 78.

On April 1, 2025, Petitioner filed a motion for interim attorney's fees and costs and supporting evidence. Pet'r's Mot., Pet'r's Exs. 116–19, ECF No. 84. Respondent filed his response on April 15, 2025, and Petitioner filed her reply on April 22, 2025. Resp't's Resp.; Pet'r's Reply, ECF No. 86.

This matter is now ripe for consideration.

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[4] Respondent originally filed Dr. He's supplemental report in ECF No. 71, but this was later stricken due to a filing error. I have cited to the corrected version in this opinion.

II.    **Availability of Interim Attorneys' Fees and Costs**

A.  **Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

B.  **Justification for an Interim Award**

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for over six years without a decision on entitlement and Petitioner's fees and costs have accumulated in the course of litigation. Petitioner submitted an itemization of attorney fees, and a summary and documentation of costs. Petitioner's counsel requested a total of **$211,340.22** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, I find an award of interim attorneys' fees and costs reasonable and appropriate for his work completed in this case.

III.    **Reasonable Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines*

3

*v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.  Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[5]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Anne Toale, $402.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, $445.00 per hour for work performed in 2020, $475.00 per hour for work performed in 2021, $500.00 per hour for work performed in 2022, $535.00 per hour for work performed in 2023, $570.00 per hour for work performed in 2024, and $615.00 per hour for work performed in 2025; and for Ms. Elizabeth Abramson, $320.00 per hour for work performed in 2024. Petitioner also requests rates between $145.00 and $205.00 per hour for work performed by her counsel's paralegals between 2018 and 2025.

I find Ms. Toale's 2018-2025 rates and Ms. Abramson's 2024 rates to be reasonable and in accordance with what these attorneys have been previously awarded for their Vaccine Program work. I will therefore award these rates in full.

### B.  Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001)

---

[5] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

(agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be mostly reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. However, I find a reduction necessary because there were several entries billed for updating internal files. Further, most of the entries for filing were included with other tasks. Because this constitutes block billing, it is impossible to discern how much time was spent on compensable versus noncompensable tasks. Therefore, I find a 5% reduction reasonable. This results in a reduction of $6,586.19.[6]

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $79,616.52 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, and expert fees from Dr. S. Sohail Ahmed and Dr. Steven Bradfute. Most of these costs have been supported with the necessary documentation and are reasonable. However, a small reduction is necessary. Petitioner has not provided receipts for various charges, primarily those relating to postage charges in which Petitioner has provided a shipping label but no indication of a charge or its payment. This requires a total reduction of $150.78.[7]

## IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

| Interim Attorneys' Fees Requested | $131,723.70 |
|---|---|
| (Reduction) | -$6,586.19 |

---

[6] $131,723.70 x 5% = $6,586.19.

[7] Petitioner may request reimbursement for this again in final fees with the proper documentation.

| Interim Attorneys' Fees Awarded | $125,137.51 |
|---|---|
| | |
| Interim Costs Requested | $79,616.52 |
| (Reduction) | -$150.78 |
| Interim Costs Awarded | $79,465.74 |
| | |
| Total Amount Awarded | $204,603.25 |

**Accordingly, I award a lump sum in the amount of $204,603.25, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[8]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.